**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LUIS JAVIER MEJIA**<br>**Plaintiff** | §<br>§<br>§ | |
| **v.** | §<br>§ | **Case: 4:23-cv-2675** |
| **ANTHONY J. BLINKEN, U.S. SECRETARY OF**<br>**STATE, and**<br>**UNITED STATES OF AMERICA,**<br>**Defendants** | §<br>§<br>§<br>§<br>§ | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

LUIS JAVIER MEJIA files the instant Complaint for Declaratory and Injunctive Relief, under 28 U.S.C. §1331 (federal question) with the Administrative Procedure and Declaratory Judgment Acts, or alternatively, under 8 U.S.C. §1503(a) (denial of rights and privileges as U.S. Citizen).

## I. JURISDICTION AND VENUE

1. Jurisdiction lies under 28 U.S.C. §1331 (federal question), with the Administrative Procedure and Declaratory Judgment Acts, or in the alternative, under 8 U.S.C.§1503(a) (denial of rights and privileges as a U.S. Citizen).

2. The application of Luis Javier Mejia for a U.S. Passport was denied by the Department of State (DOS) on October 23, 2018. (Attached as Exhibit 1), because DOS determined Mr. Mejia had not produced sufficient evidence to meet his burden to show U.S. citizenship by a preponderance of the evidence. There was no affirmative finding that he was not a U.S. citizen.

3. Mr. Mejia was born on December 25, 1969 in Mercedes, Texas, with the assistance of a midwife, (attached as Exhibit 3).

4. Petitioner resides in Pasadena, Texas, within this Court's jurisdiction.

## II. THE PARTIES

5. Petitioner LUIS JAVIER MEJIA resides at 2008 Jenkins Road Apt 234, Pasadena, Texas.

6. Defendant ANTHONY J. BLINKEN is the duly appointed Secretary of State of the United States. The United States is also a named Defendant.

## III. THE FACTS

7.  Mr. Mejia was born on December 25, 1969 with the assistance of a midwife on a farm near Mercedes, Texas. His birth was registered on July 29, 2003. At the time, his parents were residing in a Mexico. (Exhibit 3).

8.  Mr. Mejia's birth was also registered in Mexico, State of Guanajuato, as if born in Paracuaro, Acambaro, on August 25, 2969. His parents registered him as having been born there so that he could attend school in Mexico. (Attached as Exhibit 4). His Mexican birth record has been annulled, and he now has a certificate of inscription from Mexico showing that he was born in Mercedes, Texas. (Attached as Exhibit 5).

9.  On March 15, 1970, Mr. Mejia was baptized and confirmed in the parish of Our Lady of Mercy Church in Mercedes, Texas. (Attached as Exhibit 6). His parents' names were shown as Benjamin Mejia and Gloria Arenas, and his name was shown as Luis Javier Mejia.

10. Mr. Mejia's parents are natives and citizens of Mexico.

11. However, because Mr. Mejia was born with the assistance of a midwife, and despite having no evidence that the midwife that delivered him, or anyone else, fraudulently registered his birth, DOS questioned his claim of birth in Texas. And on November 18, 2016 the DOS sent a letter to Mr. Mejia, (attached as Exhibit 8), stating that the US Consulate in Tijuana found a mexican birth record and because of the delay in registering his birth record in Texas, Mr. Mejia should not be issued a birth certificate.

12. DOS and the Texas Bureau of Vital Statistics failed to make any findings of actual fraud on the part of Mr. Mejia, his parents, the church in Mercedes, or anyone else surrounding the delayed registration of his birth certificate.

13. The Texas Bureau of Vital Statistics (BVS) received a request for an additional hearing to produce new evidence and fully-developed testimony at a fair hearing. BVS denied refused to hold a hearing citing that a fair hearing had been held despite no depositions being had and no meaningful cross-examination of witnesses being performed.

14. In *Garza v. Pompeo* the court found that the plaintiff, despite having been born with the assistance of this midwife, and having been registered in Mexico, was in truth born in Texas.

2

## IV. CAUSES OF ACTION

## A. THE ADMINISTRATIVE PROCEDURE ACT

15. Plaintiff incorporates by reference the allegations of paragraphs 1 - 14 above.

16. If the Department of State intended to actually determine whether Mr. Mejia was a U.S. citizen, and deemed his Texas birth record suspicious, it would have conducted an evidentiary proceeding before denying his passport application. Instead, DOS simply noted that it was Mr. Mejia's burden to prove U.S. Citizenship, and found that he had not done so. Therefore, the denial letter simply states that Plaintiff had not met his burden of proving by a preponderance of the evidence that he was born in Texas and is therefore a U.S. citizen.  It did not find, or purport to find, whether he is, or is not, a U.S. citizen.

17. Thus, neither of Mr. Mejia's application for a U.S. passport was denied "upon the ground that he is not a national of the United States," and no §1503(a) cause of action accrued based thereon.

18. Denial of a passport application for insufficient evidence to establish U.S. citizenship is not a denial "upon the ground that he is not a national of the United States," because it does not affirmatively find that the applicant is not a U.S. citizen.

19. There is a clear difference between a finding that one has not met one's burden of proving U.S. citizenship, and an affirmative finding that one is not a U.S. citizen.

20. This Court confronts that distinction whenever the Government files criminal charges against an individual for unlawful re-entry, under 8 U.S.C. §1326, (reentry of removed aliens), and the defendant claims U.S. citizenship.  If the defendant filed an action under 8 U.S.C. §1503(a), the Court might find that he had not met his burden of proving his citizenship by a preponderance of the evidence: the same standard that DOS uses in passport adjudication. Yet, in a bench trial of the criminal case, the Court might find that the government had not met its burden of proving alienage beyond a reasonable doubt, and dismiss the criminal charge.  In such cases, the person might well be a U.S. citizen, and just lack sufficient evidence to prove it.

21. The plain language of 8 U.S.C. §1503(a) states that an action lies only if the denial of a right or privilege claimed as a U.S. citizen was denied upon the ground that he is not a national of the United States.  In the context of passport denials based on insufficient evidence, this limitation has been ignored by everyone.  That includes attorneys, judges, and undersigned counsel.

22. By contrast, no affirmative finding that the applicant is not a U.S. citizen is required to contest a final agency action denying an application for a U.S. passport under the Administrative Procedure Act.

23. Therefore, Mr. Mejia can challenge the denial of his passport under the APA. There is nothing to *exhaust* in a denial of a passport application for insufficient evidence.  Nor is there anything in 5 U.S.C. §704 which precludes such a claim:

5 U.S.C. §§ 704. Actions reviewable Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action. Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority. Although Mr. Mejia cannot now, and never could, contest the passport denials under §1503(a), since they were not denied "upon the ground that he is not a national of the United States," he has both Article III and prudential standing to challenge them under the APA. See, Cibolo Waste v. City of San Antonio, 718 F.3d 469,473 (5th Cir.2013):

Article III standing requires a plaintiff to show: "(1) an injury in fact (2) that is fairly traceable to the actions of the defendant and (3) that likely will be redressed by a favorable decision." *Procter & Gamble Co. v. Amway Corp.,* 242 F.3d 539, 560 (5th Cir.2001) (citations omitted). An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, ... (1992).

24. Mr. Mejia meets this test. 1) He has an " injury in fact," to wit, the denial of his application for a U.S. passport. 2) This injury is "is fairly traceable to the actions of [DOS], and 3) the injury will "likely will be redressed by a favorable decision" on his APA challenge to its denial. If that challenge results in a favorable decision, *i.e.,* a finding that he is a U.S. citizen, his eligibility for a U.S. passport will be confirmed.  It is therefore submitted that he has Article III standing.

4

25. He also has prudential standing, because his claim falls within the "zone of interests" protected or regulated by the statutory provision involved, *Cibolo, supra,* at 474-75. Here, the statute which governs the filing of passport applications by U.S. citizenship claimants, is 22 U.S.C. §211(a). It provides (emphasis added):

The Secretary of State may grant and issue passports, and cause passports to be granted, issued, and verified in foreign countries by diplomatic and consular officers of the United States and by such other employees of the Department of State who are citizens of the United States as the Secretary of State may designate, and by the chief or other executive officer of the insular possessions of the United States under such rules as the President shall designate and prescribe for and on behalf of the United States and no other person shall grant, issue, or verify such passports. *Unless authorized by law, a passport may not be designated as restricted for travel to or for use in any country other than a country with which the United States is at war, where armed hostilities are in progress, or where there is imminent danger to the public health or the physical safety of United States travelers.*

26. If only through the limitation on passport restrictions, it can hardly be gainsaid that a passport applicant is not "arguably within the zone of interests to be protected or regulated by the statute".

## B.  8 U.S.C. §1503(a)

27. Plaintiff incorporates by reference the allegations of paragraphs 1 – 26 above.

28. In the alternative, should the Court disagree with the above analysis, Mr. Mejia would bring a declaratory judgment action, seeking a declaration that he is, indeed, United States citizen, under 8 U.S.C. §1503(a) with 28 U.S.C. §2201.

**PRAYER**

Respectfully requested that this Court issue a Declaratory Judgment declaring LUIS JAVIER MEJIA to be a U.S. citizen by virtue of his birth in Mercedes, Texas, on December 25, 1969. Thereafter, following notice to Defendants and an opportunity to be heard, pursuant to 28 U.S.C. §2202, it is urged that the Court grant the following additional relief, to wit, a permanent injunction, enjoining

Defendants, the United States of America, and Secretary Anthony Blinken from not issuing a United States passport to Plaintiff, Luis Javier Mejia.

It is also urged that the Court grant such other and further relief as the Court may consider appropriate, including costs and attorney's fees.

Respectfully submitted,

/s/ GEORGE C. LOBB

_____

Law Office of George C. Lobb
2028 East Ben White Blvd.
Suite 240-8990
Austin, Texas 78741
Tel. (512) 215-6011
Fax. (512) 425-0877
Texas Bar No. 24042928